**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50445 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-03059-BEN |
| v. | |
| ERIK ALTAMIRANO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted September 26, 2017[**]

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Erik Altamirano appeals from the district court's judgment and challenges

the 18-month sentence imposed upon remand following his guilty-plea conviction

for importation of heroin, in violation of 21 U.S.C. §§ 952 and 960.  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Altamirano contends that the district court erred by denying his request for a minor role adjustment under U.S.S.G. § 3B1.2. He argues that the district court improperly (1) refused to consider his statement concerning his role in the offense, despite finding his statements reliable for purposes of granting adjustments for safety-valve and acceptance of responsibility; (2) failed to consider all of the likely participants in the offense and their relative culpability; and (3) relied on superseded case law. Altamirano suggests that he was entitled to the adjustment because he was a first-time offender who carried the drugs on his body. We review the district court's interpretation of the Guidelines de novo, and its application of the Guidelines to the facts for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

The record reflects that the district court considered Altamirano's statement about his role in the offense, but nevertheless concluded that the adjustment was not warranted. Furthermore, the record reflects that the court compared Altamirano to other participants in the offense beyond his recruiter, and did not apply this court's precedent in any way that conflicts with the 2015 amendment to the minor role Guideline. The district court applied the correct legal standard and did not abuse its discretion in denying the adjustment based on the totality of the circumstances. *See* U.S.S.G. § 3B1.2 cmt. n.3(A), (C).

**AFFIRMED.**

16-50445